IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS EDWARD FLICK, | : | |
| Plaintiff, | : | 1:19-cv-1811 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| TIMOTHY MILLER, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

### September 15, 2020

Plaintiff Thomas Edward Flick ("Flick"), a state inmate formerly confined at the State Correctional Institution at Rockview ("SCI-Rockview"), commenced this civil rights action pursuant to 42 U.S.C. § 1983, naming as Defendants Timothy Miller ("Miller"), Heather Haldeman ("Haldeman"), Richard Ellers ("Ellers") and Mark Garman ("Garman").

Presently pending is Defendants' motion (Doc. 16) to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted.

## I.  STANDARDS OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should

> assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)(2)).  At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681.  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

## II.     FLICK'S COMPLAINT

Flick alleges that on April 22, 2019, Dr. Chaudry "ordered treatment" and on May 7, 2019 and May 17, 2019, he was denied treatment. (Doc. 1, p. 6).  He elaborates by stating:

> Dr. Chaudry ordered treatment relating to excessive body hair/gender dysphoria.  Ruled it is a detrement [sic] to my mental health and well-being that I receive such treatment.  However, members of Gender Review Committee denied access to treatment and refused to follow

3

>   medical professionals [sic] orders/recommendation. Deliberate indifference.

(*Id.*). He alleges that responsible officials refused him specific treatment for gender dysphoria ordered by a medical professional and that the denial of such treatment caused him severe anxiety, depression and thoughts of self-harm. (*Id.*).

We glean from the administrative remedy documents attached to the complaint that the treatment to which he refers is receipt of "regular and frequent razors" to treat "excessive full body hair." (*Id.* at 14). In denying his initial review response, the grievance officer stated that "A review of housing unit practices revealed that you were offered standard razors that are provided to inmates to shave. This is consistent with the referenced Psychiatrist's order. For safety reasons, you are required to return your current razor before being issued a new one. You may purchase razors from the commissary; the DOC is 'not required-to provide you with anything but a standard razor." (*Id.* at 20). The grievance was upheld on appeal: "You are currently provided a standard razor by the DOC and have the opportunity to purchase a razor from Commissary." (*Id.* at 23).

He indicates that Defendant Ellers denied his grievance and Facility Manager Garman denied his grievance appeal. (*Id.* at 8). And it appears from

grievance documents attached to the complaint that Defendants Halderman and Miller denied his "Inmate's Requests to Staff Member." (*Id.* at 14, 18, 19).

He seeks declaratory and injunctive relief and punitive damages. (*Id.* at 6).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants seek to dismiss the complaint based on Flick's failure to allege that any of the named Defendants were personally involved in the decision to deny treatment for his gender dysphoria by limiting access to "regular and frequent"

razors.  Importantly, individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).  Liability "cannot be predicated solely on the operation of *respondeat superior*." *Id.*  In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08.  Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible.  *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08.  When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow.  *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08.  Flick's complaint is devoid of allegations that any of the named Defendants were personally involved in the decision to limit or deny him access to "regular and frequent" razors.

    Further, his allegations that they failed to grant him relief *via* the grievance procedure does not satisfy the personal involvement requirement.  Neither the

razors.  Importantly, individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).  Liability "cannot be predicated solely on the operation of *respondeat superior*." *Id.*  In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08.  Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible.  *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08.  When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow.  *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08.  Flick's complaint is devoid of allegations that any of the named Defendants were personally involved in the decision to limit or deny him access to "regular and frequent" razors.

    Further, his allegations that they failed to grant him relief *via* the grievance procedure does not satisfy the personal involvement requirement.  Neither the

"after-the-fact" review of a grievance, nor an inmate's dissatisfaction with the grievance response, establish the involvement of officials and administrators in any underlying constitutional deprivation. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (finding where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement); *Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation). Thus, Defendants' alleged failure to provide him with the relief he requested in the context of the grievance procedure does not rise to the level of a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (finding involvement in post-incident grievance process not a basis for liability).

Based on the above, dismissal of the complaint against Defendants is

warranted. However, before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant leave to amend, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). In the instant matter, amendment would be futile because the underlying conduct does not rise to the level of a constitutional violation.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Id.* at 104-05. To succeed on such a claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Gender dysphoria is clearly a serious medical ailment. "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). A plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." *Id.* (quotation marks omitted).

However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted). "Mere disagreement as to the proper medical treatment [does not] support a claim of an [E]ighth [A]mendment violation." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987); *see also Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence").

   Flick alleges that Dr. Chaudry ordered that he be provided a razor for removal of excessive body hair. It is clear from the grievance documents affixed to the complaint that he is provided with standard issue razors. It is also clear that he has the option to purchase razors from the commissary. He has not been denied access to a razor but, instead, is expressing a dissatisfaction with number and quality of standard razors issued to him. Such allegations do not support an Eighth Amendment claim of deliberate indifference to a serious medical condition. Based on the foregoing, affording him leave to amend would be futile.

## IV.  **CONCLUSION**

For the above stated reasons, the Court will grant Defendants' motion (Doc. 16) to dismiss.

An appropriate Order follows.